JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | **EDCV 15-0594 JGB (JCx)** | Date | March 31, 2015 |
|---|---|---|---|
| Title | *Bonma Enterprise LLC v. Polly J. Robateau* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    Minute Order REMANDING Action to Superior Court of California, County of San Bernardino

## I. BACKGROUND

In March 2015,[1] Plaintiff Bonma Enterprise LLC ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Polly J. Robateau ("Defendant") as well as fictitious persons in the California Superior Court for the County of San Bernardino. ("Complaint," Doc. No. 1 at 7.) On March 27, 2015, Defendant Robateau removed the action to this Court. ("Not. of Removal," Doc. No. 1.)

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] The exact date of filing is illegible.

### III. DISCUSSION

Defendant appears to allege that removal is proper on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (Not. of Removal at 2-3). For removal to be proper, Defendant must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010).) Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff may be entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit was served upon Defendant as required by California Code of Civil Procedure Section 1161a. See Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Defendant claims that federal question jurisdiction exists because she is entitled to protection under the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201. (Not. of Removal at 2). "A federal defense, however, does not confer jurisdiction on the court to hear the case." See H.O.D. Properties, LLC v. Sarkisyan, No. 13-5624, 2013 WL 4052469, at *3; see also Wells Fargo Bank v. Lapeen, No. 11-1932, 2011 WL 2194117, at *1-2 ("[T]he [Protecting Tenants at Foreclosure Act] only provides tenants with federal defenses to eviction but does not create a federal ejectment claim or any private right of action. . . . [A]n anticipated federal defense is not sufficient to confer jurisdiction."). Accordingly, because of the absence of a federal claim or substantial question of federal law, Defendant has not shown that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met her burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, County of San Bernardino.

**IT IS SO ORDERED.**